# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DESTINY WINBURN (individually and on the behalf of similarly situated persons,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case: 1:23-cv-14680** |
| **v.** | ) ) | |
| **ATLAS EXPRESS COURIER INC.** | ) ) | |
| **-AND-** | ) ) | |
| **FRED SCOTT (Individually),** | ) ) ) | **Jury Trial Demanded** |
| **Defendants.** | | |

## COMPLAINT

Plaintiff, Destiny Winburn as an individual and on the behalf of similarly situated persons ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Atlas Express Courier Inc. and Fred Scott (individually) ("Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons, as Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated

persons, as Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq.*

4.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.     This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. §1367.

## PARTIES

6.     At all times material to the allegations of this Complaint, Plaintiff, Destiny Winburn, resided in Cook County in the State of Illinois.

7.     At all times material to the allegations in this Complaint, Defendant, Atlas Express Courier Inc., is doing business in and for Cook County, whose address is 1676 Wright Blvd., Schaumburg, IL, 60193.

8.     At all times material to the allegations in this Complaint, Defendant Fred Scott conducted business in Cook County in the State of Illinois.

## GENERAL FACTUAL ALLEGATIONS

9.     Plaintiff was hired by Defendants as a Driver/Dispatcher (a non-exempt employee) on or about April 8, 2022.

10.     Plaintiff was employed by Defendants in this capacity until in or around January

2023, when she was promoted to Manager.

11.     Plaintiff worked as a manager from in or around January 2023 until on or about September 12, 2023 when she was unlawfully terminated in retaliation for engaging in protected activity.

12.     Plaintiff's job duties as a driver/dispatcher included, but were not limited to, transporting goods to and from destinations, loading trucks in order to prepare for a drive, unloading trucks at the destination, maintaining cleanliness and order of both the warehouse and her truck, sending emails, and ensuring that all jobs are updated in status of real time.

13.     Plaintiff's job duties as Manager included, but were not limited to, ensuring all jobs are updated in status of real time, sending emails, making sure warehouse is clean and sanitized, assisting drivers with paperwork, reviewing all jobs before dispatching drivers, driving trucks as needed, and assisting drivers with loading and unloading as needed.

14.     Plaintiff performed a specific job which was an integral part of the business of Defendants.

15.     Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

16.     Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

17.     Defendant Atlas Express Courier Inc. was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

18.     Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred

to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

19.     Upon information and belief, Defendant Atlas Express Courier Inc. is owned and operated by Defendant Fred Scott.

20.     Plaintiff routinely worked over forty (40) hours or more in a work week.

21.     In most if not all work-weeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

22.     In fact, upon information and belief, Defendants did not pay Plaintiff any sum for hours worked over forty (40) hours in a single workweek.

23.     Defendants do not provide Plaintiff or other employees with Paystubs.

24.     At first, Plaintiff did not feel comfortable complaining to Human Resources about the failure to pay overtime or the lack of paystubs, since, upon information and belief, the Human Resources manager is the owner's sister.

25.     As Plaintiff realized she was continuously not paid overtime, she was left with no choice but to engage in protected activity and request the money she was owed.

26.     When Plaintiff requested her Paystubs and indicated that she believed she was not being paid overtime, Defendants simply provided her with a spreadsheet of hours worked.

27.     Plaintiff is owed overtime pay for all hours worked over 40 hours, for the time period from in or around April 2023 to in or around January 2023.

28.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

4

29.     As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

30.     Plaintiff suffered economic hardship and mental distress due to not being paid overtime hours.

31.     In or around January 2023, Plaintiff was promoted to manager and was no longer eligible for overtime pay.

32.     However, she continued to complain and request the overtime pay she was owed from before her promotion.

33.     Defendants consistently refused to pay Plaintiff overtime or provide her with any information as to when she would be paid overtime.

34.     On or about September 12, 2023, Plaintiff was provided with a termination letter.

35.     The grounds provided for Plaintiff's termination were completely false, causing Plaintiff even more emotional stress and anguish.

36.     In reality, Plaintiff was terminated in retaliation for engaging in protected activity by requesting her overtime pay.

37.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff asserts her claims, pursuant to 29 § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants.

39.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**216(b) Class: All current and former employees of Atlas Express Courier Inc. who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

40. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Overtime
### (Plaintiff on her own behalf and on behalf of all similarly-situated employees)

41. Plaintiff hereby repeats and incorporates paragraphs 1-40 as if set forth fully herein.

42. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

43. During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

44. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

45. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

46. Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

6

47.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**COUNT II**
**Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime**
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

48.     Plaintiff hereby repeats and incorporates paragraphs 1-41 as if set forth fully herein.

49.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

50.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

51.     Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff and all similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

52.     Defendant violated the IMWL by refusing to compensate Plaintiff and all similarly situated employees at one and one- half times their normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, pray for a judgment against Defendants as follows:

    a.  A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

7

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of October 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*